UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MOHAMMAD IMRAN, | : |
| Plaintiff, | : |
| | : |
| -against – | : |
| | : |
| BARI RESTAURANT & PARTY HALL | : |
| BARI SUPERMARKET LLC a/k/a | : |
| BARI SUPER MARKET | : |
| ASEF BARI TUTUL | : |
| MUNMUN HASINA BARI, | : |
| | : |
| Defendants, | : |
| | : |

Case No:

COMPLAINT
ABOUT WAGE CLAIM

Plaintiff, MOHAMMAD IMRAN, by and through his attorney, KHALID M.

AZAM of AZAM & HERTZ, LLP, hereby filing this Complaint against BARI

RESTAURANT & PARTY HALL, BARI SUPER MARKET LLC, a/k/a BARI

SUPER MARKET, ASEF BARI TUTUL, MUNMUN HASINA BARI,

(collectively the "Defendants") states as follows:

## NATURE OF THE ACTION

1.     Plaintiff alleges that pursuant to the Fair Labor Standards Act, as

amended, 29 U.S.C. §§ 201 et. seq. ("FLSA"), he is entitled to recover from

Defendants: (a) unpaid minimum wages (b) unpaid overtime compensation (c)

unpaid spread of hours pay (d) liquidated damages, (d) prejudgment and post-

judgment interest, and (e) attorneys' fees and costs.

COMPLAINT ABOUT WAGE CLAIM
MOHAMMAD IMRAN V. BARI RESTAURANT AND PARTY HALL ET'AL

2.    Plaintiff further alleges that pursuant to New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation (c) unpaid spread of hours compensation, (d) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs etc.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction under 28 U.S.C. §1331 (Federal Question) and the Fair Labor Standard Act, 29 U.S.C. §§ 201 etc., and supplemental jurisdiction over Plaintiff's State Law Claims under 28 U.S.C. §1367 (a).

4.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because all, or a substantial portion of the events, or omissions giving rise to the claims, occurred in this district, the Defendants operate their business in this district, and further, Plaintiff was employed by the Defendants in this district.

## THE PARTIES

### Plaintiff

5.    Plaintiff, Mohammad Imran is an adult individual residing in Jamaica, Queens, New York.

COMPLAINT ABOUT WAGE CLAIM
MOHAMMAD IMRAN V. BARI RESTAURANT AND PARTY HALL ET'AL

## Defendants

6.    Upon information and belief, the BARI RESTAURANT & PARTY HALL is a domestic business corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business located in the county of Bronx and state of New York at 1412 Castle Hill Avenue, Bronx, NY 10462.

7.    Defendant, BARI SUPER MARKET LLC a/k/a BARI SUPER MARKET, is a domestic business corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business located in the County of Bronx and state of New York at 1412 Castle Hill Avenue, Bronx, NY 10462.

8.    Defendant ASEF BARI TUTUL is an individual who is engaged (or who was engaged) in business in this judicial district during the relevant time periods. The Defendant is sued individually in his capacity as owner, officer, and/or Managing Member of the above mentioned, businesses. His Business address is 1412 Castle Hill Avenue, Bronx, NY 10462. His Residence address is 649 Donald Blvd., NY 11741.

9.    Defendant MUNMUN HASINA BARI is an individual who is engaged (or who was engaged) in business or businesses in this Judicial District

during the relevant time periods. The Defendant is sued individually and in her capacity as owner, officer, and/or Managing Member or Chairperson of the above mentioned businesses. Her Business address is 1412 Castle Hill Avenue, Bronx, NY 10462. Her Residence address is 649 Donald Blvd., NY 11741.

## FACTUAL ALLEGATIONS

### Defendants Constitute Joint Employers

10.    At all relevant times, Defendants owned, operated, or controlled the Restaurant and Party Hall operating under the trade name Bari Restaurant and Party Hall and the business of Super Market under the trade name of Bari Super Market LLC a/k/a Bari Super Market.

11.    Defendants ASEF BARI and MUNMUN HASINA BARI both possess or possessed operational control over the Bari Restaurant and Party Hall and Bari Super Market LLC, an ownership interest in those businesses and/or control or controlled significant functions of those businesses.

12.    At all times relevant herein, Defendants ASEF Bari and Munmun Hasina Bari possessed substantial control over working conditions at the Bari Restaurant and Party Hall and Bari Super Market businesses, including the policies and practices with respect to the employment and compensation of Plaintiff.

COMPLAINT ABOUT WAGE CLAIM
MOHAMMAD IMRAN  V.  BARI RESTAURANT AND PARTY HALL ET'AL

13.    Defendants Asef and Munmun determine or determined the wages and compensation of the employees of the Restaurant, including Plaintiff, and establish or established the schedules of the employees, maintain or maintained employee records, and have or had the authority to hire and fire employees including the Plaintiff.

14.    At all relevant times, Defendants Munmun and Asef were Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

15.    All Defendants jointly employed Plaintiff and were employers within the meaning of the FLSA and the New York Labor Law.

16.    Upon information and belief, in each year from 2022 to the present, the Bari Restaurant and Party Hall business and Bari Super Market business had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

17.    In addition, at all times, relevant, the Defendants were directly engaged in interstate commerce. For example, most of the food they cooked, the kitchen equipment they used to cook, and the plates, glasses and utensils they provided to customers were manufactured in New York State as well as in other States outside of the State of New York.

COMPLAINT ABOUT WAGE CLAIM
MOHAMMAD IMRAN  V.  BARI RESTAURANT AND PARTY HALL ET'AL

18.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 (r-s).

## Plaintiff

19.    Plaintiff is a former employee of the Defendants, who was placed to work at the Restaurant. He helped the Defendants in preparing the menu for the restaurant and the party Hall functions. He worked as a cook for the restaurant and the party Hall functions. Sometimes if the Manager was not there he was placed to work as a manager and even sometimes as cashier in the restaurant.

20.    Plaintiff was employed by the Defendants for the period from on or about March 14, 2023, until about the first week of August 2023.

21.    Plaintiff regularly handled goods in interstate commerce such as rice, cooking oil, butter, vegetables, paper goods, which were delivered to the Grocery Store for sale in the Grocery Store as well as for use and consumption for the Restaurant and Party Hall.

22.    Plaintiff's work duties required neither discretion nor independent judgment.

23.    Defendants paid Plaintiff his wages weekly by check but checks were issued from Business of Bari Super Market LLC., while the Plaintiff worked in the

COMPLAINT ABOUT WAGE CLAIM
MOHAMMAD IMRAN  V.  BARI RESTAURANT AND PARTY HALL ET'AL

business of Bari Restaurant and Part Hall. Moreover, the Plaintiff was not paid for some of the weeks.

24.    Plaintiff worked for 7 days a week and for about 12 hours a day.

25.    Plaintiff did not get a regular half an hour lunch break regularly. Sometimes Plaintiff has to eat his lunch while in the Kitchen, while the Plaintiff simultaneously was preparing food for customers.

26.    Plaintiff worked for about 80 hours a week during the period the Plaintiff worked for the Defendants from March 14, 2023, to the first week of August 2023.

27.    Defendants never required the Plaintiff to keep track of his time. The Plaintiff does not know if the Defendants utilize any time tracking device, such as punch cards, sign-in sheets, or computerized tracking systems, that recorded the hours he worked although the Defendants are required to keep time records of all the employees. Defendants are required to give weekly paystubs to an employee, but no such paystubs were given to the Plaintiff.

28.    Defendants never granted Plaintiff any work breaks or meal periods of more than ten or fifteen minutes uninterrupted.

29.    Plaintiff was never notified by Defendants that his tips were being included as an offset to comply with Federal or State minimum wage regulations.

COMPLAINT ABOUT WAGE CLAIM
MOHAMMAD IMRAN V. BARI RESTAURANT AND PARTY HALL ET'AL

30.     Further, Plaintiff spent much more than one hour per day performing non-tipped duties such as sweeping, bringing food from the Grocery Store to the Restaurant or organizing food and restaurant supplies in the storeroom and cooler.

31.     Throughout Plaintiff's employment, Defendants paid Plaintiff a fixed salary of Seven Hundred ($700.00) dollars per week or sometimes Six Hundred ($600.00) dollars per week, and sometimes $1,200.00 combined check for two weeks, regardless of the number of hours Plaintiff worked.

32.     Defendants failed to pay Plaintiff at time and one half for any hours he worked over forty hours per week.

33.     The Defendants did not pay for the work done in April 2023.

34.     Defendants failed to pay Plaintiff an additional hour's pay for each day Plaintiff's work exceeded ten hours.

35.     Defendants failed to provide Plaintiff with a wage statement that complied with the requirements of NYLL §195(3) at the time they paid him.

36.     Defendants failed to provide Plaintiff with a notice containing his rates of pay, and other employment disclosures at the time he was hired as required by New York Labor Law§ 195(1).

COMPLAINT ABOUT WAGE CLAIM
MOHAMMAD IMRAN V. BARI RESTAURANT AND PARTY HALL ET'AL

37.    Defendants' failure to provide Plaintiff with an accurate wage notice or accurate wage statements harmed Plaintiff as it prevented him from taking appropriate action to obtain the wages lawfully owed to him.

38.    By failing to provide Plaintiff with a written notice of wages upon hiring, Defendants prevented Plaintiff from realizing that his wage rate unlawfully did not include compensation for overtime and was below the minimum wage.

39.    By failing to provide Plaintiff with accurate written wage statements accompanying each paycheck, Defendants prevented Plaintiff from realizing that Defendants were unlawfully depriving him of minimum wages and overtime. Specifically, if Plaintiff was provided an accurate accounting of his hours worked alongside his weekly wage, Plaintiff would have been put on notice that (i) he was not being paid minimum wage each week; (ii) he was not receiving time and a half his regularly hourly rate of pay for hours worked after the first 40 hours; and  (iii) was not being paid of unpaid spread of hours pay.

## Defendants' General Employment Practices

40.    As part of their regular business practices, the Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NY Labor Laws.

COMPLAINT ABOUT WAGE CLAIM
MOHAMMAD IMRAN  V.  BARI RESTAURANT AND PARTY HALL ET'AL

41.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees, including Plaintiff, compensation by knowingly violating the FLSA and NY Labor Laws.

42.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages, to the Plaintiff.

43.     Defendants failed to post at the workplace, or otherwise provide to employees, required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

44.     The failure and refusal of the Defendants to post information regarding minimum wages and overtime, as well as their failure to provide Plaintiff with a proper wage notice and weekly wage statements was intended to, and did, enable Defendants to violate the FLSA and NYLL.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FLSA

45.     In violation of 29 U.S.C. §206(a), Defendants failed to pay Plaintiff at the applicable minimum hourly rate for each hour he worked.

46.     Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. §255(a).

COMPLAINT ABOUT WAGE CLAIM
MOHAMMAD IMRAN V. BARI RESTAURANT AND PARTY HALL ET'AL

47.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

48.    Due to the Defendants' failure to pay Plaintiff at the minimum wage rate, Plaintiff is entitled to recover from Defendants his unpaid wages and liquidated damages in an amount to be determined at trial.

49.    In addition to the foregoing unpaid wages and liquidated damages, Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

50.    Defendants, in violation of 29 U.S.C. §207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

51.    Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. §255(a).

52.    Plaintiff was damaged in.an amount to be determined at trial. In addition to the foregoing unpaid wages and liquidated damages, Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

COMPLAINT ABOUT WAGE CLAIM
MOHAMMAD IMRAN V. BARI RESTAURANT AND PARTY HALL ET'AL

## THIRD CAUSE OF ACTION

## VIOLATION OF NEW YORK LABOR LAW - FAILURE TO PAY MINIMUM WAGE

53.     At all relevant times, Plaintiff was jointly employed by the Defendants within the meaning of the New York Labor Law §§2 and 651.

54.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, 12 NYCRR §146-1.2, paid Plaintiff less than the minimum wage.

55.     Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of N.Y. Labor Law§ 663.

56.     Due to the Defendants' failure to pay Plaintiff at the minimum wage rate, Plaintiff is entitled to recover from Defendants his unpaid wages, liquidated damages, reasonable attorneys' fees, and the costs and disbursements of this action, in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

57.     Defendants, in violation of N.Y. Labor Law § 190 et seq., and supporting regulations of the New York State Department of Labor, 12 NYCRR §§ 146-2.5 and 3.5(b), failed to pay Plaintiff at an hourly rate or overtime

COMPLAINT ABOUT WAGE CLAIM
MOHAMMAD IMRAN  V.  BARI RESTAURANT AND PARTY HALL ET'AL

compensation at rates of one and one-half times the regular hourly rate of pay for each hour worked in excess of forty hours in a work week.

58.    Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Labor Law §663.

59.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, the Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, and attorneys' fees pursuant to N.Y. Lab. Law§ 663.

## FIFTH CAUSE OF ACTION

## NEW YORK SPREAD OF HOURS PROVISION

60.    Plaintiff regularly worked a shift that lasted more than ten hours.

61.    Defendants willfully and intentionally failed to compensate Plaintiff an additional one hour's pay at the basic New York minimum hourly wage rate for each day in which the spread of hours he worked exceeded 10 hours, as required under 12 NYCRR § 146-1.6, which regulation was duly promulgated pursuant to N.Y. Labor Law§ 21 (11).

62.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, the Plaintiff has sustained damages, including loss of earnings, in

COMPLAINT ABOUT WAGE CLAIM
MOHAMMAD IMRAN V. BARI RESTAURANT AND PARTY HALL ET'AL

an amount to be established at trial, liquidated damages, and attorneys' fees

pursuant to N.Y. Lab. Law§ 663.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE REQUIREMENT TO PROVIDE

## WAGE STATEMENTS UNDER NEW YORK LAW

63.     The Defendants failed to furnish to the Plaintiff with each wage

payment a statement listing the dates of work covered by that payment of wages;

name of employee; name of employer; address and phone number of employer;

rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; the regular hourly rate or rates of pay; the

overtime rate or rates of pay; the number of regular hours worked, and the number

of overtime hours worked; gross wages; deductions; allowances, if any, claimed as

part of the minimum wage; and net wages; in violation of New York Labor Law

§ 195(3) and 12 NYCRR § 146-2.3.

64.     As a result of the foregoing, Defendants are liable to Plaintiff in the

amount of $5,000.00, together with costs and attorney fees pursuant to New York

Labor Law§ 198(1-d).

## SEVENTH CAUSE OF ACTION:

## FAILURE TO PROVIDE WAGE NOTICES

COMPLAINT ABOUT WAGE CLAIM
MOHAMMAD IMRAN  V.  BARI RESTAURANT AND PARTY HALL ET'AL

## IN VIOLATION OF NEW YORK LAW

65.    Defendants failed to provide Plaintiff with a written notice at the time he was hired containing: the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195 (1) and 12 NYCRR § 146-2.2..

66.    As a result of the foregoing Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorney fees pursuant to New York Labor Law§ 198(1-b).

67.    According to information and belief, the Defendants have other Businesses, in which they are following the same illegal practices with the employees depriving the employees of their legitimate pay and income in violation gross violation of Federal and NYS Laws.

## PRAYER FOR RELIEF

COMPLAINT ABOUT WAGE CLAIM
MOHAMMAD IMRAN V. BARI RESTAURANT AND PARTY HALL ET'AL

WHEREFORE, Plaintiff respectfully requests that this Court grants Plaintiff the following reliefs:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.   An award of unpaid minimum wages and overtime compensation due under the FLSA and the New York Labor Law;

c.   An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

d.   An award under the New York Labor Law for unpaid spread of hours pay;

e.   An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and spread of hours pay to plaintiff pursuant to the New York Labor Law;

f.   An award of statutory damages for Defendants' violation of the Wage His business is 1412 Castle Hill Avenue, Bronx, NY 10462. His residence address is 649 Donald Blvd., NY 11741.Theft Prevention Act, N.Y. Labor Law §195(3}, and for violation of the recordkeeping requirements of N.Y. Labor Law §195(1);

COMPLAINT ABOUT WAGE CLAIM
MOHAMMAD IMRAN V. BARI RESTAURANT AND PARTY HALL ET'AL

g.   An award of prejudgment and post judgment interest,

h.   An award of costs and expenses of this action together with reasonable attorneys' fees, and

i.   Ordering that if any amount remains unpaid upon the expiration of ninety-day (90) following issuance of judgment, or ninety-day after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4).

Dated: July 22, 2026
Queens, New York

_____
KHALID M. AZAM
AZAM & HERTZ, LLP
Attorneys for Plaintiff
7535 31st Avenue, Suite 201
Jackson Heights, NY 11370
Tel: 718-672-8115
Fax: 718-744-2300
Email: azamlaw@Yahoo.com

**Index No.**                                                    **Year   2026**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMAD IMRAN,

                                        Plaintiff,

            -against-

BARI RESTAURANT & PARTY HALL
BARI SUPERMARKET LLC a/k/a
BARI SUPER MARKET
ASEF BARI TUTUL
MUNMUN HASINA BARI,

                                        Defendants.

## COMPLAINT ABOUT WAGE CLAIM

## KHALID M. AZAM

## AZAM & HERTZ, LLP

### *Attorneys for:*  **Plaintiff**

75-35 31st AVENUE, SUITE 201
JACKSON HEIGHTS, NY  11370
**Office Tel**: 718-672-8115  **Mobile:** 917-825-4042  **FAX:** 718-744-2300
(Not For Service)
EMAIL: AZAMLAW@YAHOO.COM  (Not For Service)

*Pursuant to 22 NYCRR 130-1.1, the undersigned, and attorney admitted to practice in the courts of New York State, certifies than upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous*

Date:   *07-22-2026*        *Signature:*  ...........................................................................................

                            *Print Signer's Name*   **KHALID M. AZAM**
                            ...........................................................................................

*Service of a copy of the within Opposition papers to Motion to Discontinue*          *Is hereby admitted.*
*Dated:11-3-2023*          ...........................................................................................
                            *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐   *That the within is a (certified) true copy of a*
    *Entered in the office of the clerk of the within name Court on*                              *202*

☐   *That an Order of which the within is a true copy will be presented for settlement to the*
    *Hon.*          *One of the judges of the within name Court, at*          *on*          *202  , at*          *A  M.*

                                        **KHALID M. AZAM**
                                        **AZAM & HERTZ, LLP**
                          *Attorney for:*   **Plaintiff**
                                        **75-35 31st AVENUE, SUITE 201**
                                        **JACKSON Heights NY 11370**